# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00017-CR

**Yordanys Avila-Trujillo, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-17-0881, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The clerk's record in this appeal was due for filing in this Court on March 4, 2019. On March 6, 2019, we notified appellant that no clerk's record had been filed due to appellant's failure to pay or make arrangements to pay the trial clerk's fee for preparing the clerk's record. The notice requested that appellant make arrangements for the clerk's record and submit a status report regarding this appeal by March 26, 2019. Further, the notice advised appellant that his failure to comply with this request could result in the dismissal of the appeal for want of prosecution. *See* Tex. R. App. P. 37.3(b). To date, neither appellant nor his counsel has filed a status report or otherwise responded to this Court's notice, and the clerk's record has not been filed.

However, we note that the district clerk's information sheet filed with the notice of appeal indicates that appellant had appointed counsel at trial. Appellant's court-appointed

counsel filed the notice of appeal and is the designated counsel on appeal. Although the trial-court clerk has notified us that no affidavit of indigence has been filed in appellant's case, it appears that appellant was determined indigent at some point, and the trial court appointed counsel.

Accordingly, the appeal is abated and remanded to the trial court. The trial court shall conduct a hearing to determine whether appellant desires to prosecute this appeal, whether the appellant is indigent, and, if so, whether counsel has abandoned this appeal. The court shall make appropriate written findings and recommendations. *See id.* R. 37.3(a)(2) (appellate court must make whatever order is appropriate to avoid further delay and preserve parties' rights when record has not been timely filed); *id.* R. 35.3(c) (appellate court must allow record to be filed late when delay is not appellant's fault). If necessary, the court shall appoint substitute counsel who will effectively represent appellant in this appeal. *See id.* R. 38.8(4) (appellate court may act appropriately to ensure appellant's rights are protected when appellant is represented by counsel). Following the hearing, which shall be transcribed, the trial court shall order the appropriate supplemental clerk's and reporter's records—including all findings and orders—to be prepared and forwarded to this Court no later than June 17, 2019.

It is so ordered May 16, 2019.

Before Chief Justice Rose, Justices Kelly and Smith

Abated and Remanded

Filed: May 16, 2019

Do Not Publish